El Pueblo de Puerto Rico, demandante y apelado, *v.* Pablo Calderón, acusado y apelante.

Núm. 6487.—*Sometido:* Mayo 6, 1937. *Resuelto:* Mayo 7, 1937.

*José C. Aponte,* abogado del apelante; *R. A. Gómez, Fiscal,* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Pablo Calderón fué acusado de un delito de portar una pistola, arma prohibida. Alegó que era inocente. Llamada la causa para juicio el 16 de noviembre último, ambas partes presentaron su evidencia consistente en declaraciones de testigos.

Examinando esas declaraciones se advierte en seguida que varios de los testigos de cargo evadían expresar lo que en realidad sabían en cuanto se llegaba al punto concreto de la

portación del arma, de tal modo que dos fueron procesados por desacato por perjurio. Sin embargo hubo uno, Leopoldo Valentín, que de modo terminante dijo que el acusado portaba la pistola.

Los testigos de descargo manifestaron que no vieron que el acusado tuviera arma alguna. La corte creyó al testigo Valentín y condenó al acusado. Éste apeló y señala un solo error en su alegato, a saber, que la sentencia es contraria a los hechos, a la prueba y a la ley. Al argumentarlo lo que hace es analizar la evidencia alrededor de la portación del arma por parte del acusado. Refiriéndose al testigo Valentín, expresa:

"El único testigo que a nuestro juicio trata de sostener la acusación es el referido Leopoldo Valentín quien declara que lo que el acusado portaba era una pistola sin dar más detalles sobre la misma, mientras que el testigo Juan Delgado al principio de su declaración no dice si era revólver o pistola terminando por declarar que el acusado no tenía armas de clase alguna.

"Además deseamos apuntar el hecho de que si el acusado se había despedido la noche de autos de la casa de Carrasquillo para irse para la suya, es ilógico creer que portaba el arma de que se le acusa y que con ella allí y entonces disparase. Siendo ello así es aplicable a este caso el resto de la doctrina sentada en el referido caso de *El Pueblo de Puerto Rico* v. *Cartagena,* 37 D.P.R. 281 donde esta Hon. Corte sostuvo que:

" 'No obstante ser contradictoria la prueba sobre la portación del arma por el acusado y haber sido el conflicto resuelto en contra de éste por la Corte sentenciadora, si las declaraciones de cargo son inverosímiles y las de descargo lógicas y completas, puede y debe la Corte de apelación revocar la sentencia recurrida.' "

Son hechos que surgen claros de la evidencia tanto de cargo como de descargo que con motivo de presentarse un grupo de personas a llevar una música a la casa donde estaba el acusado, hubo un disgusto con éste y que se hizo un disparo de arma de fuego. Las vacilaciones surgen cuando se trata de concretar el hecho de quién hizo el disparo, de quién portaba el arma ilegalmente que es en realidad de verdad el delito que se imputa.

El caso de *El Pueblo* v. *Cartagena,* supra, presentó una situación distinta. Aquí al contrario, la lógica está en favor de la versión que pone en manos de Calderón la pistola. La conclusión de la corte está plenamente justificada tanto por la declaración positiva de un testigo, que es bastante por sí sola, cuanto por todas las circunstancias concurrentes que pone de manifiesto la prueba.

*Debe declararse sin lugar el recurso y confirmarse la sentencia apelada.*